**Jack RINER, Appellant,**

v.

**STATE of Indiana, Appellee.**

No. 277S146.

Supreme Court of Indiana.

Sept. 19, 1979.

Harriette Bailey Conn, Public Defender,
Stephen W. Dillon, Former Deputy Public
Defender, Indianapolis, for appellant.

Theodore L. Sendak, Atty. Gen., Gordon E. White, Jr., Deputy Atty. Gen., Indianapolis, for appellee.

PIVARNIK, Justice.

The defendant-appellant, and his uncle, Wayne Evans, were indicted for first-degree murder in the death of Edward M. Gibson, on August 10, 1970, in Hendricks County, Indiana. The cause was transferred on motion for change of venue to the Morgan Circuit Court where both defendants were tried by jury, found guilty, and sentenced to the Indiana State Prison for life. Riner was a sixteen-year-old juvenile at the time of his trial. This Court affirmed the convictions, *Riner v. State,* (1972) 258 Ind. 428, 281 N.E.2d 815. Appellant subsequently filed a pro se "petition for writ of habeas corpus by person in State custody" in the United States District Court, North District of Indiana, on March 29, 1973, which petition was denied on April 3, 1974. On March 1, 1976, defendant filed a *pro se* petition for post-conviction relief and motion for change of judge. Defendant was represented by the office of the Public Defender of Indiana, and after some amendments to his post-conviction petition and extensions of time for filing briefs in this Court, four issues were presented to us for review concerning:

1. whether the defendant intelligently had waived his right to separate counsel and separate trial from his co-defendant Wayne Evans;

2. whether the defendant's trial and appellate counsel was ineffective;

3. whether the defendant had waived the determination of the issue of whether his Sixth Amendment right to confront his accusers was violated at trial, and

4. whether the defendant received a fair and impartial hearing on his petition for post-conviction relief.

I.

■ Both defendant and his uncle, Wayne Evans, were represented by attorney William Erbecker at trial and on appeal

of the original conviction. Attorney Erbecker was not called as a witness at the post-conviction hearing. Appellant testified at the post-conviction hearing that he was made aware of the fact that he had a right to demand or request a separate trial from Wayne Evans and had discussed it with his attorney. He decided to proceed with the joint trial and was advised by his attorney that it would be to his advantage to do so. The trial judge at the post-conviction hearing found that the defendant made an intelligent waiver of his rights to separate counsel. Defendant raised no objection about the joint trial until he filed his post-conviction motion in 1976. The trial judge is a finder of fact at a post-conviction relief hearing. In *Cushman v. State,* (1978) Ind., 378 N.E.2d 643, 644, we stated: "The judge hearing the petition is the sole judge of the weight of the evidence and the credibility of the witnesses. *Carroll v. State,* (1976) Ind., 355 N.E.2d 408. His decision will be set aside only upon a showing that the evidence is without conflict and leads unerringly to a result not reached by the trial court."

■ The representation of two co-defendants by one attorney is not per se evidence of ineffective representation. *Martin v. State,* (1974) 262 Ind. 232, 314 N.E.2d 60. If there was no objection at trial to such a procedure, the defendant must show that he was actually prejudiced by the joint representation. *Stoehr v. State,* (1975) 263 Ind. 208, 328 N.E.2d 422. There is no error in the trial judge's finding that the defendant had intelligently considered and waived his right to separate trial.

II.

Appellant next claims that his trial and appellate counsel was ineffective. He claims that at trial counsel failed to object to certain remarks by the prosecutor and to State's witnesses presented. He claims that his appellate counsel, who was the same attorney as his trial counsel, failed to preserve and argue an issue on appeal. These issues were considered in appellant's appeal as then presented by his appellate counsel.

*Riner v. State,* (1972) 258 Ind. 428, 281 N.E.2d 815. Appellant is attempting to raise the same basic issues by alleging different grounds and combining them with a claim of ineffective assistance of counsel.

 The trial court found that defendant's attorney was adequate and effective. There is a strong presumption that counsel was adequate and effective. Isolated mistakes or poor tactics and strategy do not constitute inadequate representation unless the trial was a mockery of justice. *McFarland v. State,* (1978) Ind., 381 N.E.2d 85. *Blackburn v. State,* (1973) 260 Ind. 5, 291 N.E.2d 686. The presumption of adequacy can be overcome only by strong and convincing evidence. *Roberts v. State,* (1977) Ind., 360 N.E.2d 825. The State points out that the record of the post-conviction hearing reveals that the original trial transcript of the cause was over eleven hundred pages. Countless objections were made for both parties represented by Mr. Erbecker. Mr. Erbecker has been a member of the Indiana State Bar for many years and has participated in countless criminal trials as a defense lawyer. He filed a 164 page brief on appeal in this case and at no point in the proceedings did the appellant object to his representation.

There was sufficient evidence to support the Court's finding that the appellant's representation was adequate.

### III.

Appellant's older brother, Ron Riner, was also charged with the murder of Gibson, along with appellant and Wayne Evans. Ron Riner agreed to testify for the State and was not tried with the other defendants. Ron Riner testified that he was asleep in the car at the time they stopped at the store to burglarize it and testified that Wayne Evans told him that when Evans returned to the automobile, he had asked Jack Riner, the appellant, to act as a lookout while he went into the store. Attorney Erbecker objected to this testimony as it applied to appellant Riner and the objection was sustained. Ron Riner was cross examined extensively. Wayne Evans was not called to testify about this statement. We note that even if appellant had had separate counsel, and had had a separate trial, however, there would have been no way for counsel to compel Evans to testify about the statement in question. Neither can we know what Wayne Evans' testimony would have been in this regard.

The issue of Ronald Riner's testimony was raised on appeal in a claim that the prosecuting attorney had allowed him to testify evasively and untruthfully to the knowledge of the prosecutor. This Court found that there were no grounds in that allegation and further found that since appellant had not made that objection during trial, he had waived other contentions as to that testimony. *Riner v. State,* (1972) Ind., 281 N.E.2d at 818.

Appellant did not raise his Sixth Amendment right to confront witnesses as an issue in regard to this same testimony until his post-conviction relief petition.

 The Indiana Post-conviction Relief Remedy Rules provide under Ind.P.C.R. 1 § 8 as follows:

"Any ground finally adjudicated on the merits or not so raised and knowingly, voluntarily and intelligently waived in the proceeding that resulted in the conviction or sentence, or in any other proceeding the petitioner has taken to secure relief, may not be the basis for a subsequent petition, unless the court finds a ground for relief asserted which for sufficient reason was not asserted or was inadequately raised in the original petition."

In *Dull v. State,* (1978) Ind., 372 N.E.2d 171, we found:

"[w]here neither the record nor appellant's brief revealed any proffered basis or circumstance which would satisfactorily mitigate appellant's failure to pursue or perfect a remedy through the normal procedural channels, the legal validity of the waiver defense presented was unrebutted and appellant's issues were waived."

The post-conviction relief process is not a substitute for a direct appeal, but is a process for raising issues not known at the time of the original trial and appeal or for some reason not available to the defendant at that time. *Bradberry v. State*, (1977) Ind., 364 N.E.2d 1183, 1188. Additional review of this same testimony on other grounds is not available here in this post-conviction relief procedure and the court properly found against the appellant in that this issue had been waived.

### IV.

Finally appellant states that he was denied his right to a fair and impartial evidentiary hearing on his petition for post-conviction relief because the prosecuting attorney testified falsely and prejudicially. At the post-conviction hearing, the prosecuting attorney testified that at the original trial, Ronald Riner was given a separate trial and testified as a State's witness. He testified further that Riner had asked for immunity to give this testimony, but that the State had refused to grant it. He said that Riner was later discharged but it was not in return for his testimony. The appellant further shows that during the original trial, witness Ronald Riner testified that it was his understanding that he had been granted immunity for his testimony for the State.

At first blush we must say that this conflict does not make valid appellant's claim that he, therefore, did not receive a fair and impartial hearing. The resolution of this conflict and its effect on the decision was one to be resolved by an assessment of the credibility of the witnesses by the trial court. It does not appear that the appellant informed the trial judge at the post-conviction relief hearing that Ronald Riner had, in fact, testified in conflict with the prosecutor's statement.

We further note that in the original appeal, one of the contentions of the appellant before this court was that Ronald Riner's testimony was incompetent because he was *not* offered or granted immunity and there was no showing that there was compliance with the Indiana immunity statute. Ind. Code § 35-1-31-7 (Burns 1975), and therefore Riner should not have been permitted to testify. The opinion then emphasized that the benefits of immunity are personal to the party who furnishes State's evidence and not to the appellant. We point this out to show that this issue was before the Court on the original appeal. At that time all seemed to agree that no immunity had been granted to the witness or his testimony. The statement of the witness that it was his understanding that he was granted immunity was also before all of the parties. The question of Ronald Riner's credibility against all others was at issue. Apparently there was a conflict in testimony at the original trial, and in testimony before the court in the post-conviction relief hearing with testimony in the original trial transcript. However, there is no issue presented for this Court to decide. Determining the credibility to be given to a witness is the task of the trial court. *Cushman v. State,* (1978) Ind., 378 N.E.2d 643.

Finding no reversible error, we affirm the trial court.

GIVAN, C. J., and HUNTER and PRENTICE, JJ., concur.

DeBRULER, J., concurs in result.