Charles Alex EARLY, Appellant,

v.

STATE of Indiana, Appellee.

No. 382S125.

Supreme Court of Indiana.

Oct. 14, 1983.

Rehearing Denied Jan. 9, 1984.

Susan K. Carpenter, Public Defender, Paul Levy, Deputy Public Defender, Indianapolis, for appellant.

Linley E. Pearson, Atty. Gen., Palmer K. Ward, Deputy Atty. Gen., Indianapolis, for appellee.

DeBRULER, Justice.

Charles Alex Early appeals from the denial of his petition for post-conviction relief by which he sought to withdraw his plea of guilty to robbery while armed with a deadly weapon. He was charged with this class B felony on September 28, 1978. On April 10, 1979, he pleaded guilty to this offense pursuant to a plea bargain agreement with the State, the terms of which required the prosecutor in return to recommend a sentence of fifteen years. This sentence was to be served concurrently with another fifteen year sentence for robbery which Early was to receive under a plea agreement in a different court and consecutively to a one to ten year sentence imposed on another offense. The trial judge took the plea under advisement.

On May 4, 1979, the trial judge accepted the plea and sentenced Early according to the recommendation. On March 10, 1981, Early filed a petition for post-conviction relief which was denied on November 18, 1981 after a hearing. He appeals, claiming that his plea was not knowingly and intelligently entered because the trial court did not advise him that it was not a party to any plea agreement between the prosecution and the defense. He also alleges that the trial court failed to meaningfully convey to him an understanding of the applicable sentencing scheme, but due to our resolution of his first assignment of error we need not address his second contention.

At the guilty plea hearing, the trial judge addressed Early and undertook an advisement of the rights enumerated in Ind.Code § 35–4.1–1–3 (Burns 1979 Repl.) [Acts 1973, P.L. 325, § 4; p. 1750 (repealed 1982); for provision effective September 1, 1982, see Ind.Code § 35–35–1–2 (Burns Supp.1983)]. He did not, however, comply with section (e) of that statute which precludes acceptance of a guilty plea by the court from the defendant without first "[i]nforming him that the court is not a party to any agreement which may have been made between the prosecutor and the defense and is not bound thereby."

In *McCann v. State,* (1983) Ind., 446 N.E.2d 1293, the defendant similarly claimed that the judge failed to advise him that the court was not a party to the plea agreement and was not bound by it. We recognized there that while strict compliance with the terms of the statute is required, *German v. State,* (1981) Ind., 428 N.E.2d 234 (Givan, C.J., and Pivarnik, J., dissenting), the exact language of the statute need not be used, *Laird v. State,* (1979) 270 Ind. 323, 385 N.E.2d 452. We found the statute satisfied in *McCann* as the defendant was expressly told that the plea bargain was not binding on the judge and that no agreement between him, his attorney and the prosecutor was binding on the court. In the instant case, however, defendant was not in any way advised or informed that the court was not a party to the agreement and was not bound thereby, and the trial judge in no way "conveyed the idea that the court had not been a bargainer and that he had made no prior commitments." *Id.* 446 N.E.2d at 1296.

The burden in the post-conviction hearing was on petitioner Early to establish the grounds for relief by a preponderance of the evidence. Ind.R.P.C. 1, § 5. On appeal from an adverse judgment, he must convince this Court that "the evidence as a whole was such that it leads unerringly and unmistakably to a decision in his favor; that is, one opposite to that reached by the trial court." *Sotelo v. State,* (1980) Ind., 408 N.E.2d 1215, 1215–16. The record here clearly discloses that Early was not informed that the trial court was not a party to any agreement made between the prosecutor and the defense and was not bound thereby. Thus, the conclusions of the post-conviction hearing judge that Early was fully advised of his rights by the court prior to his guilty plea and that that plea was entered knowingly, intelligently and voluntarily are contrary to the law and the evidence.

The judgment denying relief to petitioner Early is reversed and this cause is remanded with instructions to vacate petitioner's guilty plea.

HUNTER and PRENTICE, JJ., concur.

GIVAN, C.J., dissents with opinion in which PIVARNIK, J., concurs.

GIVAN, Chief Justice, dissenting.

I respectfully dissent from the majority opinion in this case. Although the majority correctly sets out that a trial judge is required to advise a defendant making a guilty plea that the court is not bound by the plea, I see no reversible error in this case because of a lack of such advise. Here the trial court did, in fact, accept the plea bargain and sentenced the appellant according to the agreement between the State and the appellant.

I would hold there is reversible error in this type of situation only where the trial judge does not follow the sentencing recommendation and does, in fact, sentence the appellant to a greater sentence than recommended by the prosecutor. I perceive no possible harm to the appellant resulting from the judge's failure to advise the appellant that he was not bound by the recommendation of the State.

I would, therefore, affirm the trial court.

PIVARNIK, J., concurs.