William SEXTON, Appellant,

v.

STATE of Indiana, Appellee.

No. 283S50.

Supreme Court of Indiana.

Nov. 16, 1983.

Susan K. Carpenter, Public Defender, Ihor N. Boyko, Sp. Asst. Deputy Public Defender, Indianapolis, for appellant.

GIVAN, Chief Justice.

Appellant accepted a plea bargain agreement to the charge of Attempted Robbery While Armed With a Deadly Weapon. He was sentenced to fifteen (15) years imprisonment. Appellant brings this Post-Conviction Relief Appeal.

At the time appellant entered his guilty plea in 1979, I.C. § 35–4.1–1–3 (repealed by Acts 1981, P.L. 298, § 9, amended and recodified as I.C. § 35–35–1–2) provided in pertinent part:

> Plea of guilty—Defendant advised by court.—The court shall not accept a plea of guilty from the defendant without first addressing the defendant and

> \*　　\*　　\*　　\*　　\*　　\*

> (b) informing him that by his plea of guilty he is admitting the truth of all facts alleged in the indictment or information or to an offense included thereunder and that upon entry of such plea the court shall proceed with judgment and sentence;

> \*　　\*　　\*　　\*　　\*　　\*

This Court held, in *German v. State,* (1981) Ind., 428 N.E.2d 234, it was the duty of the trial judge to strictly comply with the language of the statute. A review of the record in the guilty plea proceedings reveals a failure to comply with section (b).

The State admits the trial court failed to advise appellant of his rights under I.C. § 35–4.1–1–3(b) and concedes appellant should be granted a new trial.

We reverse the trial court and remand the case with instructions to grant appellant's Post-Conviction Relief Petition.

All Justices concur.