Robert L. JOHNSON, Appellant,

v.

STATE of Indiana, Appellee.

No. 682S238.

Supreme Court of Indiana.

July 6, 1984.

**1310**

Marilyn Eve Hrnjak, Merrillville, for appellant.

Linley E. Pearson, Atty. Gen., G. Douglas Seidman, Deputy Atty. Gen., Indianapolis, for appellee.

DeBRULER, Justice.

Appellant, Robert L. Johnson, was convicted in the Lake Superior Court, Criminal Division I, in a trial before a jury, of the crime of attempted murder, a class A felony, Ind.Code § 35–42–1–1. In this appeal which followed, appellant raises three issues on appeal: (1) whether the jury instruction which stated that battery, a class C felony, was a lesser included offense of attempted murder, was proper; (2) whether he is entitled to a new trial based on newly discovered evidence; and (3) whether error occurred in the assessment of the sentence.

The evidence tending to support the verdict is as follows. Appellant and his girlfriend were at a bar on March 20, 1981. More than a hundred persons were present. As they were leaving the victim patted appellant's girlfriend on the rear. Appellant tapped the victim on the shoulder; the victim turned around; and appellant shot him in the mouth. The defenses were accidental discharge of the handgun and self defense. The victim may have been bigger, stronger, and menacing, but he struck no blow and was not armed.

I.

Appellant unsuccessfully objected to a jury instruction which stated that battery, a class C felony, was a lesser included offense of attempted murder. He now claims that the instruction was improper because battery is not a lesser included offense of attempted murder. Battery is not inherently a lesser included offense of an attempted murder because battery requires a touching, and it is possible to commit the offense of attempted murder without touching the intended victim. However, when the commission of the lesser offense is not inherent to the crime charged, the trial court must examine the charging instrument to determine if the elements of the lesser offense, by virtue of the manner and means allegedly employed in the commission of the charged crime, are alleged to have been committed. This requirement effectuates the determination of whether lesser offenses which are possibly

included in the crime charged are in fact alleged to have been committed. *Roddy v. State,* (1979) Ind.App., 394 N.E.2d 1098, 1107.

■ The information charging the appellant with attempted murder states that he knowingly or intentionally shot a round of live ammunition from a pistol he held in his hands at the victim and that the round of ammunition struck and wounded the victim. The elements of battery are knowingly or intentionally touching another person in a rude, insolent, or angry manner resulting in serious bodily injury or by the use of a deadly weapon. Ind.Code § 35–42–2–1(3). The information can positively be stated to have put appellant on notice that he was charged with battery because the elements clearly coincide. The information in this case meets the requirement of *Roddy, supra* because the information contains the elements of battery, the lesser offense. The trial court did not err in giving the instruction to the jury.

## II.

Appellant claims that the newly discovered testimony of Jane Brooks which was revealed at the pre-sentence hearing entitles him to a new trial.

■ To sustain a claim for a new trial based on newly discovered evidence, a defendant must show, (1) that the evidence has been discovered since the trial; (2) that it is material and relevant; (3) that it is not cumulative; (4) that it is not merely impeaching; (5) that it is not privileged or incompetent; (6) that it could not, by due diligence have been discovered in time for trial; (7) that it is worthy of credit; (8) that it can be produced upon a retrial of the case; and (9) that it will probably produce a different result. *Bradburn v. State,* (1982) Ind., 425 N.E.2d 144, 146.

■ The evidence which would be gained by the testimony of Jane Brooks, as recited in her testimony at the pre-sentence hearing would merely be cumulative to that given by several other witnesses, i.e., that the victim looked angry, moved toward ap-

pellant but did not raise his hands. Furthermore, in order for newly discovered evidence to warrant a new trial, it must be such as to raise a strong presumption that in all probability, it would produce a different result upon a re-trial. *Beyer et al. v. State,* (1972) 258 Ind. 227, 280 N.E.2d 604. The testimony of Jane Brooks was not of such a nature as to meet that criterion.

The decision of the trial court to deny a new trial on this basis is sustained.

## III.

■ Appellant claims that the trial court abused its discretion because all of the mitigating factors overwhelmingly indicated that he should have received a lesser executed sentence. The power to revise the sentence is ordinarily limited to those sentences that exceed constitutional limitations. *Beard v. State,* (1975) 262 Ind. 643, 323 N.E.2d 216. Here the issue is not of an excessive sentence, but of a proper sentence not reduced to a defendant's satisfaction. In *State v. Palmer,* (1979) 270 Ind. 493, 386 N.E.2d 946, the Court stated:

"The legislature has the authority to provide which acts shall be crimes in our society and to provide penalties therefor. It is, therefore, within their jurisdiction to provide for the length of sentences for the offenses and to regulate the power of the courts to grant or deny probation as they see fit. We have accordingly found that the granting of probation is a privilege governed exclusively by a statute and one which confers no right upon any defendant.

For example: The granting of probation to a defendant, who is found guilty of a crime is wholly a discretionary power of the trial court .... Probation is purely a favor granted by the trial judge and there is no right to probation."

*Farmer v. State,* (1971) 257 Ind. 511, 515, 275 N.E.2d 783, 785–86.

■ Recklessly shooting at another human being in a room full of people is a very serious crime, and the trial court's decision gave due regard to appellant's particular

nature and that of his crime and we find that it was not manifestly unreasonable. Mitigating factors, no matter how favorable, do not give the defendant a right to probation.

The conviction is affirmed.

GIVAN, C.J., and HUNTER, PRENTICE and PIVARNIK, JJ., concur.