Harrison E. WELLS,
Petitioner-Appellant,

v.

STATE of Indiana,
Respondent-Appellee.

No. 1–585A113.

Court of Appeals of Indiana,
First District.

Sept. 23, 1985.

Susan K. Carpenter, Public Defender, Sheila K. Zwickey, Sp. Asst., Indianapolis, for petitioner-appellant.

Linley E. Pearson, Atty. Gen., Richard Albert Alford, Deputy Atty. Gen., Indianapolis, for respondent-appellee.

RATLIFF, Presiding Judge.

## STATEMENT OF THE CASE

Appellant, Harrison E. Wells, appeals from the judgment of the Shelby Superior Court denying his second petition for post-conviction relief. We affirm.

## FACTS

On December 18, 1975, a Shelby county jury found Wells guilty of two counts of Safe Burglary and two counts of Theft. That same jury also found Wells to be an habitual criminal. He was subsequently sentenced to two terms of imprisonment of five to ten years for Safe Burglary, two terms of one to ten years for Theft, and life for being an habitual criminal. On direct appeal, our supreme court affirmed Wells' convictions but remanded for vacation of all sentences imposed on Wells except for the life sentence. *Swinehart v. State* (1978), 268 Ind. 460, 376 N.E.2d 486. In September 1979, Wells filed his first petition for post-conviction relief.[1] This petition was later granted resulting in the vacation of the habitual criminal finding

---

1. Petitioner Wells has not seen fit to include his original petition in the record he supplied this court. It appears from that record, however, that this petition challenged only the habitual criminal finding.

and the concomitant life sentence.[2] Apparently no appeal was taken from this decision. Wells filed a second post-conviction relief petition on October 19, 1983. The Shelby Superior Court subsequently denied this petition prompting Wells to perfect this appeal.

## ISSUES

Wells' second Petition for Post-Conviction Relief raises numerous issues. Restated, those issues are:

1. Whether Wells was denied the effective assistance of counsel during his original trial.

2. Whether the affidavit upon which the search warrant was based failed to satisfy the statutory requirements then in effect.

3. Whether the trial court erred when it permitted testimony relating to police surveillance of Wells.

4. Whether the trial judge was personally prejudiced towards Wells or acted in an improper manner during trial. Our resolution of this appeal, however, requires the discussion of only one issue.

## DISCUSSION AND DECISION

■ The purpose of the post-conviction relief procedure is well known. It may not be used as a substitute for direct appeals. *Mickens v. State* (1985), Ind., 479 N.E.2d 520, 522; *Bailey v. State* (1985), Ind., 472 N.E.2d 1260, 1262; *Gee v. State* (1984), Ind., 471 N.E.2d 1115, 1117; *Ross v. State* (1983), Ind., 456 N.E.2d 420, 421; *Henson v. State* (1982), Ind., 436 N.E.2d 79, 81; *Hollonquest v. State* (1982), Ind., 432 N.E.2d 37, 39; *Riner v. State* (1979), 271 Ind. 578, 582, 394 N.E.2d 140, 144; *Layton v. State* (1974), 261 Ind. 567, 570, 307 N.E.2d 477, 479. Rather, it is a process by which a defendant may seek adjudication of issues which were either unknown to him or otherwise unavailable at the time of trial or on direct appeal. *Mickens,* at 522; *Tope v. State* (1985), Ind., 477 N.E.2d 873, 874; *Gee,* at 1117; *Ross,* at 421; *Riner,* 271 Ind.

at 582, 394 N.E.2d at 144. Therefore, unless the issues raised by Wells are of this nature, a post-conviction relief proceeding is an improper forum for their consideration.

■ Our review of the record in this case leads us to the inescapable conclusion that Wells is not entitled to further consideration of any issue asserted in his second petition for post-conviction relief. Initially, it is clear that on direct appeal our supreme court reviewed the issue relating to the challenged search warrant and rejected Wells' position. *See Swinehart,* 268 Ind. at 467, 376 N.E.2d at 491. That determination is, therefore, *res judicata* here. *Young v. State* (1985) Ind., 482 N.E.2d 246, 252; *Marts v. State* (1985), Ind., 478 N.E.2d 63, 64; *Dixon v. State* (1984), Ind., 470 N.E.2d 728, 730; *Frasier v. State* (1977), 267 Ind. 24, 26, 366 N.E.2d 1166, 1167. Consequently, we need discuss it no further.

■ Wells has also waived consideration of the other issues in this petition. These issues were known by and available to Wells at the time of his direct appeal. He was represented by new counsel during that process.[3] His new attorneys were well aware of Wells' trial counsel's conduct, the actions of the trial judge, and the testimony relating to police surveillance of Wells. This is evidenced by the brief which he submitted to our supreme court during the direct appeal. *See* Brief of Appellants at 85–94, *Swinehart v. State* (1978), 268 Ind. 460, 376 N.E.2d 486, *reported in Briefs of Decided Cases,* Indiana 268, Vol. 8, pp. 429–471. Yet, Wells does not even attempt to justify this procedural default. Most notably, he does not allege ineffective assistance of appellate counsel in his present petition. Consequently, we must conclude that his failure to raise those issues, which were known by and available to him, in his direct appeal constituted an unequivocal waiver. *Mickens,* at 522; *Marts,* at 65; *Bailey,* at 1263; *Gee,* at

---

2. The trial court subsequently resentenced Wells on his convictions for Safe Burglary and Theft.

3. Wells is represented here by the same office that represented him during his original appeal.

1117; *Snider v. State* (1984), Ind., 468 N.E.2d 1037, 1039; *Williams v. State* (1984), Ind., 464 N.E.2d 893, 894; *Ross,* at 421; *Henson,* at 81; *Hollonquest,* at 39; *Eliacin v. State* (1978), 269 Ind. 305, 307, 380 N.E.2d 548, 549.

■ Finally, waiver is justified for another reason in this case. Wells filed a petition for post-conviction relief in 1979 which apparently challenged only the habitual criminal finding and attendant life sentence. Unquestionably, Wells could have asserted those issues he now raises in that first petition. Once again, however, he puts forth no excuse for his failure to do so. Thus, our review of these issues is precluded by his unjustified default.[4] *Like v. State* (1981), Ind.App., 426 N.E.2d 1355, 1357, *trans. denied; see e.g., Jewell v. State* (1979), 272 Ind. 317, 397 N.E.2d 946, 947.

The result we reach today is consistent with the concepts underlying post-conviction relief. In *Langley v. State* (1971), 256 Ind. 199, 267 N.E.2d 538, Justice Hunter set out the basic parameters of this remedy when he wrote:

"In the name of justice and fair play this court, through its promulgation of our post conviction remedy rules and by case decision, has sought to insure that each defendant will have an avenue available by which he may challenge on appeal the correctness of his conviction. It was not our intent, however, to provide a means whereby one convicted could repeatedly re-litigate claims of improper conviction, or could *unqualifiedly,* upon a legitimate waiver of the right to appeal either expressly made or to be inferred through application of appropriate legal principles, raise an untimely challenge directed at some aspect of the proceedings against him. In attempting then to correlate the role of the post conviction remedy rules with those afforded by direct appeal and to define their appropriate use in a challenge directed at a criminal proceeding, it would seem obvious that this court has a vested interest in guarding against a perversion of the rules through improper invocation of their protections or a prostitution of the spirit of criminal justice through sanctioned 'multi-appeals' thought to be afforded."

*Id.* at 203, 267 N.E.2d at 540. Petitioner Wells has been afforded every reasonable opportunity to challenge the correctness of his convictions. If we were to permit Wells to again raise issues which were available to him during earlier proceedings, we would in effect be sanctioning the use of the post-conviction process as a "super-appeal." Such a result is clearly inappropriate. There comes a time in all proceedings when a decision must be considered final. That time has arrived for Wells.

The judgment of the post-conviction court is affirmed.

NEAL and ROBERTSON, JJ., concur.

---

4. This result is demanded by our post-conviction relief rules. Indiana Rules of Procedure, Post-Conviction Remedies Rule 1, § 8 states:

"Waiver of or Failure to Assert Claims. All grounds for relief available to a petitioner under this rule must be raised in his original petition. Any ground finally adjudicated on the merits or not so raised and knowingly, voluntarily and intelligently waived in the proceeding that resulted in the conviction or sentence, or in any other proceeding the petitioner has taken to secure relief, may not be the basis for a subsequent petition, unless the court finds a ground for relief asserted which for sufficient reasons was not asserted or was inadequately raised in the original petition."