**John R. LANE, Jr., Appellant
(Defendant Below),**

v.

**STATE of Indiana, Appellee
(Plaintiff Below).**

No. 1185-S-480-PS.

Supreme Court of Indiana.

April 22, 1988.

Susan K. Carpenter, Public Defender, Stephen T. Owens, Deputy Public Defender, Indianapolis, for appellant.

Linley E. Pearson, Atty. Gen., Michael Gene Worden, Deputy Atty. Gen., Indianapolis, for appellee.

SHEPARD, Chief Justice.

Appellant John R. Lane, Jr. petitioned the trial court for post-conviction relief pursuant to Rule PC 1, section 1(a)(6), Ind. Rules of Procedure for Post Conviction Remedies. The trial court denied Lane's petition.

Lane now appeals, raising two issues:

1) Whether the post-conviction court erred in ruling that the issues raised in Lane's petition were waived for purposes of post-conviction relief; and

2) Whether Lane was denied his right to effective assistance of post-conviction counsel.

A jury convicted Lane of two counts of robbery, a class B felony, Ind.Code § 35-42-5-1 (Burns 1979 Repl.). The trial court sentenced him to concurrent terms of fifteen years imprisonment for each count. On direct appeal, Lane challenged the sufficiency of the identification evidence. This Court found the evidence sufficient to establish Lane's identity as the robber. We affirmed the conviction and sentence on one count and reversed the conviction and sentence on the second count, based on an unrelated error. *Lane v. State* (1981), Ind., 428 N.E.2d 28.

In his petition for post-conviction relief, Lane alleged that failure of an alibi witness to testify on his behalf and the trial judge's denial of the jury's request to reread the identification testimony of the State's witnesses constituted fundamental error. The trial court found summarily that all issues raised in Lane's petition were resolved or available on direct appeal. The court denied Lane's petition on the ground of waiver.

## I. *Waiver of Available Grounds*

■ Issues which were considered or available on appeal are waived in a post-conviction relief proceeding unless the issues may be framed within the context of the post-conviction relief rules. *Tope v. State* (1985), Ind., 477 N.E.2d 873. Rule PC 1, section 8 provides:

All grounds for relief available to a petitioner under this rule must be raised in his original petition. Any ground finally adjudicated on the merits or not so raised and knowingly, voluntarily and intelligently waived in the proceeding that resulted in the conviction or sentence, or in any other proceeding the petitioner has taken to secure relief, may not be the basis for a subsequent petition, unless the court finds a ground for relief asserted which for sufficient reason was not asserted or was inadequately raised in the original petition.

Lane does little to provide "sufficient reason" for failing to raise on direct appeal the two errors he now cites. Neither allegation qualifies as fundamental error under in *Terry v. State* (1984), Ind., 465 N.E. 2d 1085, and neither can be raised as a "free-standing" claim. *Bailey v. State* (1985), Ind., 472 N.E.2d 1260.

First, Lane alleges fundamental error in the failure of his alibi witness to testify at trial. Lane had attempted to call one Doris Hogan to provide him with an alibi. Hogan was a defendant in a jury trial at the time, and her attorney advised her that her testimony in Lane's trial could prejudice her case. Hogan decided not to testify for

Lane. Lane contends that Hogan would have testified that she talked to him on the telephone while he was in Atlantic City, New Jersey, between the dates of August 31, 1979 and September 9, 1979. The robbery occurred on September 6, 1979. Lane does not contend that Hogan would have testified that she placed the calls to Atlantic City, only that she would testify that she received calls from her son, daughter and Lane, whom she believed to be in Atlantic City. Putting to one side the modest probative value of such testimony, Hogan's Fifth Amendment right not to testify made her unavailable.

Lane's second allegation of error involves the denial of the jury's request to review the testimony of the three witnesses. During its deliberations, the jury requested transcripts of the testimony of the three bank tellers who identified Lane as the bank robber. The trial judge refused. *See, Shaffer v. State* (1983), Ind., 449 N.E. 2d 1074 (replaying substantially the entire trial was reversible error). Lane contends that the requested evidence was crucial to the jury verdict because the conflicting descriptions impeached the "major and only evidence against the defendant." This theory was available on direct appeal, and indeed this Court reviewed the sufficiency of the identification evidence. *See Lane*, 428 N.E.2d at 30.

II. *Ineffective assistance of counsel*

■ Having lost his post-conviction petition on grounds of waiver, Lane has added a new issue on appeal: that he received ineffective assistance of post-conviction counsel by reason of counsel's failure to include ineffective assistance of trial counsel as a way of rebutting the State's waiver defense. Ineffective assistance of trial counsel would have been an issue available to Lane in his post-conviction petition. *Bailey v. State* (1985), Ind., 472 N.E.2d 1260.

The record of Lane's robbery trial reveals that defense counsel discharged his duty well. Lane's allegation of ineffective assistance is clearly an attempt to circumvent Rule PC 1, section 8, in order to present evidence on issues that had been waived. The issues Lane raised in his petition for post-conviction relief were available on direct appeal. Lane cannot evade PC Rule 1, section 8, just by typing the words "ineffective assistance of counsel."

The trial court's denial of post-conviction relief is affirmed.

DeBRULER, GIVAN, PIVARNIK and DICKSON, JJ., concur.