Gregory D. **RESNOVER**, Appellant,

v.

**STATE of Indiana, Appellee.**

No. 49S00–8904–CR–261.

Supreme Court of Indiana.

Dec. 11, 1989.

(1984), Ind., 460 N.E.2d 922, *cert. denied* (1984), 469 U.S. 873, 105 S.Ct. 231, 83 L.Ed.2d 160. His conviction and sentence of death were affirmed in that direct appeal. Subsequently he appealed from the denial of his first post-conviction relief petition, *Resnover v. State* (1987), Ind., 507 N.E.2d 1382, *cert. denied* (1988), 484 U.S. 1036, 108 S.Ct. 762, 98 L.Ed.2d 779, said petition hereafter referred to in this opinion as PCR 1. The cause before us now is a second post-conviction relief petition, brought by Resnover on March 2, 1988.

On May 5, 1988, the State filed a Response and Motion to Dismiss Resnover's Second Verified Petition for Post–Conviction Relief Without Hearing. On May 24, 1988, Resnover filed a response in opposition to the State's Motion to Dismiss, and on September 30, 1988, the trial court heard oral argument on the State's Motion to Dismiss. On October 31, 1988, the trial court granted the State's Motion to Dismiss without a hearing pursuant to Ind.R.P.C. 1 § 4(e). The trial court found that all but two issues presented in Resnover's second petition were raised either in the original appeal or the first post-conviction relief petition and therefore were *res judicata* or could have been raised on either of the first two appeals and were therefore waived. The remaining issues presented in this appeal, claiming error of the trial court in dismissing the second petition without a hearing, concern ineffective assistance of Deputy State Public Defender Paul Levy in handling the first petition for post-conviction relief. Resnover argues Levy did not allege and present in the first petition certain specified errors and omissions of trial counsel Thomas Alsip and appellate counsel Dawn Duffy, handling the direct appeal and newly discovered evidence. The trial court found that Levy had raised in PCR 1 the question of effective assistance of Alsip and Duffy, and this Court had found that Alsip and Duffy rendered effective assistance. Therefore, the trial court found that the law of this case is that Alsip and Duffy did render effective assistance of counsel and that issue is not available in this subsequent petition for post-conviction relief.

Brent L. Westerfeld, Kevin P. McGoff, Indianapolis, for appellant.

Linley E. Pearson, Atty. Gen., Arthur Thaddeus Perry, Deputy Atty. Gen., Indianapolis, for appellee.

PIVARNIK, Justice.

Appellant Resnover appeals denial of relief sought in his post-conviction relief petition before the Marion Superior Court, Criminal Division Room I.

This is the third time this case has come before this Court. Resnover's direct appeal from his conviction and sentence of death is reported as *Resnover v. State*

The trial court is correct that in PCR 1, Levy raised claims of ineffective assistance of trial and appellate counsel and relied on various alleged omissions demonstrating their ineffectiveness.

In the present case, Resnover claims that Levy was ineffective as post-conviction counsel, not because he did not assert the ineffectiveness of prior counsel but that he did not do so on the grounds now urged by Resnover in this second petition. He lists twenty-nine (29) claims of ineffective assistance of trial and appellate counsel and urges that Levy should have raised those claims instead of or in addition to the ones he did raise. It is readily apparent should this Court review all of these issues and find that ineffectiveness of Levy is not shown meriting reversal, subsequent petition or petitions for post-conviction relief could be brought by new counsel, alleging present counsel is ineffective in failing to raise other grounds demonstrating the ineffectiveness of Levy, Alsip, and Duffy. This Court has already decided Resnover is not permitted to raise new issues or review old ones in this manner. *Schiro v. State* (1989), Ind., 533 N.E.2d 1201, 1204–05, *cert. denied* (1989), ––– U.S. –––, 110 S.Ct. 268, 107 L.Ed.2d 218; *Lane v. State* (1988), Ind., 521 N.E.2d 947, 948; *Alston v. State* (1988), Ind.App., 521 N.E.2d 1331, 1335. In *Lane*, this Court found that ineffective assistance of trial counsel would have been an issue available to Lane in his post-conviction petition and his failure to raise it amounted to waiver. 521 N.E.2d at 949 (citing *Bailey v. State* (1985), Ind., 472 N.E.2d 1260). In *Lane*, this Court pointed out that issues Lane raised in his petition for post-conviction relief were available on direct appeal and he cannot evade Ind.R.P.C. 1 § 8 just by typing the words "ineffective assistance of counsel." *Id.* Ineffective assistance of counsel as an issue is known and available to a party on his direct appeal or in his first post-conviction petition if his trial counsel was involved in his first attempt at appellate relief. Here, Resnover did raise the issue of ineffectiveness of counsel who handled his trial and his direct appeal and the issue was decided adversely to his peti-

tion. He was not entitled to be heard on this issue in this second petition and the trial court properly denied him relief without a factual hearing. *Schiro, supra; Lane, supra; Alston, supra.*

After the petition was dismissed, Resnover's counsel obtained a statement under oath from Samara Palmer to the effect that Resnover was in a back room with her when the homicide at issue in this case took place. He attached this statement to his Motion to Correct Error and urged that it constituted newly discovered evidence sufficient to warrant post-conviction relief. The trial court denied the petition. There is merit to the State's position that this evidence had nothing to do with the matters litigated in the post-conviction relief proceeding which was exclusively concerned with allegations that Levy was incompetent for not alleging that Alsip and Duffy were incompetent and that Samara Palmer's statement was not relevant to this issue.

This issue actually was presented by Resnover in his petition as a ground to indicate Levy's ineffectiveness in failing to point out Alsip's ineffectiveness in failing to call Samara Palmer to testify. The subject of Samara Palmer's knowledge and testimony concerning it was considered in PCR 1. 507 N.E.2d at 1386. Resnover there argued that Palmer would have been available to testify he was with her in a back room when the shooting commenced and that Alsip refused to ask her to testify to that effect. The evidence at the hearing discussed in PCR 1 was in conflict. Alsip had no independent recollection of his conversation with Palmer but was certain he had talked to her prior to trial. Palmer testified at the PCR 1 hearing that she talked to Alsip about the case although she later contradicted that testimony. It was speculative whether Palmer would have testified at trial had she been called, and at the PCR 1 hearing she refused to answer any questions concerning the events of December 11, 1980. Clearly, Palmer's present statement, given in affidavit form to defense counsel, is not newly discovered as it presents nothing that is not cumulative or

merely impeaching. *Johnson v. State* (1984), Ind., 464 N.E.2d 1309, 1311. Palmer's presence was well known at the time this case was tried and the conflicts concerning her statements and testimony were raised in PCR 1. Her statement here is in such conflict with much direct evidence from other witnesses that it could not be considered to be so creditable as to "probably produce a different result." *Id.*

The trial court is affirmed.

SHEPARD, C.J., and GIVAN and DICKSON, JJ., concur.

DeBRULER, J., dissents with separate opinion.

DeBRULER, Justice, dissenting.

Appellant did not raise the claim in his direct appeal that his trial defense counsel provided ineffective assistance. However, appellant did make that claim against his trial counsel and his counsel for his direct appeal in his first post-conviction petition, citing numerous alleged errors and omissions by them. The claim was litigated and decided adversely to appellant by the trial court, and this decision was affirmed after full consideration by this Court.

Thereafter, represented by new counsel, appellant filed his second post-conviction petition, making the claim which, in legal effect, amounts to a repetition of his first post-conviction claim against trial counsel and counsel for his direct appeal, but which adds new and additional alleged errors and omissions by them.

Whether or not appellant should be permitted to relitigate this issue in his second post-conviction petition is governed by P.C. Rule 1, § 8. In pertinent part that section provides:

> All grounds for relief available to a petitioner under this rule must be raised in his original petition. Any ground finally adjudicated on the merits ... may not be the basis for a subsequent petition, unless the court finds a ground for relief asserted which for sufficient reason was not asserted or was inadequately raised in the original petition.

In denying this second petition, Judge Comer ruled that since the claim calling into question the effectiveness of trial counsel and direct appeal counsel had been litigated and decided in the first post-conviction proceeding and in direct appeal to this Court, it could not again be raised, i.e., that it was res judicata. This decision is erroneous because it does not apply the correct legal standard set in the rule.

In these circumstances, where a claim is not a new one, in order to properly dismiss the repeated claim, the court must rule that such claim in the first petition for post-conviction relief was not "inadequately raised." The rational approach to making this type of decision would be to place the burden upon the petitioner to justify the repetition of the claim and to hear evidence and argument of counsel on the question. I would reverse this judgment, stay the execution of appellant, and remand for new consideration of this second post-conviction petition in light of the standards dictated by P.C.Rule 1, § 8.