## DAVIS v INDUSTRIAL COMMISSION

Ohio Appeals, 6th Dist, Wood Co

Decided Dec 7, 1936

Lelan S. Middleton, Bowling Green, for appellee.

R. R. Zurmehly, Columbus, and Floyd A. Coller, Prosecuting Attorney, Bowling Green, for appellant.

## OPINION

By TAYLOR, J.

Appellant, the Industrial Commission of Ohio, brings this case to this court on appeal on questions of law from a judgment in favor of the appellee Mrs. Mildred Davis. The judgment of the Court of Common Pleas, based on the verdict of the jury, was that appellee is entitled to participate in the Workmen's Compensation Fund. Appellee had previously made application to the Industrial Commission of Ohio for the allowance of her claim for compensation arising out of the death of her husband, under circumstances which we shall hereafter state. Her application was denied for the assigned reason that the commis-

sion found it had no jurisdiction over this particular claim. Thereafter rehearing was requested, and the case referred to a referee before whom testimony was taken. On the submission of the referee's report with the transcript of the testimony taken before him the Industrial Commission adhered to its former ruling that the claim be disallowed upon the same ground of lack of jurisdiction, and thereupon appellee commenced this action in the Court of Common Pleas, as provided by statute.

There is virtually no dispute concerning the facts of this case, which may be briefly stated as follows:

Appellee's husband, Jay N. Davis, at the time of his death, and for some time previous, was and had been the duly elected, qualified and acting marshal of the village of North Baltimore, in Wood County. On the night of July 7, 1932, three bandits, commonly known as the Storey boys, held up and robbed a gasoline filling station on West Wooster street in Bowling Green and kidnapped the attendant in charge. It was reported to the office of the sheriff at Bowling Green that these bandits had gone south in an automobile, and Arnold B. Isch, chief deputy sheriff at that time, together with the chief of police of Bowling Green, followed them as far as Findlay and then turned back to Mortimer in Hancock County, where, it was learned, the Storeys had wrecked their automobile. From there the Storeys had gone to Van Buren, which is likewise in Hancock County, and Isch and the chief of police arrested one of the Storeys in Van Buren. From Van Buren, Isch called Marshal Davis on the telephone, at North Baltimore and asked him to come to Van Buren to assist in the search. This Davis did. Isch administered some form of oath to Davis, so as to give him an official status which is described by counsel as "special deputy sheriff." It appears that Davis and others had been employed in a like manner and capacity on other occasions in searching for criminals and had been paid at the rate of $5 a day for the time actually spent by them in such service. The assigned reason for not paying Davis for this last service was that because of his death he could not sign the pay-roll.

After joining in the search for the rest of the night, Davis returned to his home in North Baltimore about nine in the morning of July 8, 1932, remaining only long enough to drink a cup of coffee. He then went out again and returned home about 4:30 in the afternoon in order to rest. An hour later a Mr. Withrow came to the Davis home and told Mrs. Davis that he had seen "two characters" on the main street of North Baltimore who resembled the Storey boys in appearance and asked her to call Davis, which she did. Davis at once went out, and it is agreed, by stipulation, that a few minutes later he was shot and killed by the Storey boys, who at that time were fugitives from justice, while undertaking to arrest them.

The sole question in this case is as to the capacity in which Davis was acting at the time of his death. If he was attempting to make the arrest in the capacity of deputy sheriff of Wood County, then his widow might be entitled to compensation from the Industrial Commission of Ohio out of the Workmen's Compensation Fund. But if he was acting and engaged in the performance of his duties as marshal of the village of North Baltimore at that time, then no right of compensation exists.

We think that §4386, GC, is dispositive of this case. That section prescribes the duties of the marshal of a village, which is an elective office, as including among other things, the following:

"He shall arrest all disorderly persons in the corporation and pursue and arrest any person fleeing from justice in any part of the state."

Thus it is clear that in attempting to arrest the Storey boys, who at that time were known fugitives from justice, he was performing the duty imposed upon him as marshal of the village by the statute above quoted. The presumption is that he did his duty in that behalf, and it is nowhere refuted by the evidence.

Therefore we find, as matter of law, upon the undisputed facts, that Davis was acting in his capacity of marshal of the village of North Baltimore at the time of his death; that both the general verdict of the jury, their answers to the special interrogatories propounded to them, and the judgment of the Court of Common Pleas based upon such finding and answers, were not sustained by any evidence and were erroneous, and that the trial court erred in overruling appellant's motions, appropriately made, to direct a verdict in its favor.

It follows that judgment should have been rendered in the Court of Common Pleas for the appellant, and this court must not only reverse the judgment of the trial court for the errors above indicated, but also render final judgment in favor of the appellant, which is accordingly done.

Judgment reversed and final judgment for appellant.

LLOYD and CARPENTER, JJ, concur.