In the

# United States Court of Appeals
## For the Seventh Circuit

No. 05-2620

MICHAEL DANIELS,

*Petitioner-Appellant*,

*v.*

STANLEY KNIGHT, Superintendent,

*Respondent-Appellee.*

Appeal from the United States District Court
for the Southern District of Indiana, Indianapolis Division.
No. 01 C 550—**Richard L. Young**, *Judge.*

ARGUED NOVEMBER 2, 2006—DECIDED FEBRUARY 5, 2007

Before BAUER, RIPPLE, and MANION, *Circuit Judges.*

MANION, *Circuit Judge.* Michael Daniels was convicted of robbery and murder in Indiana state court following a 1978 crime spree in an Indianapolis residential neighborhood. After exhausting his state court remedies, Daniels filed a petition for habeas relief in federal court under 28 U.S.C. § 2254, claiming he received ineffective assistance of trial counsel. The district court denied Daniels' petition. Daniels appeals, and we affirm.

## I.

During Michael Daniels' trial for murder, the State of Indiana presented evidence that on the evening of January 16, 1978, Daniels and two other men committed a series hold-up robberies and shootings in an Indianapolis residential neighborhood. Daniels and his associates approached people at four separate residences while the residents were either shoveling snow or getting out of their cars. During the course of the robberies, Daniels beat one of his victims and shot two others, one fatally. Each of Daniels' six surviving victims and one of Daniels' cohorts testified against him at his jury trial in Indiana state court. Daniels was convicted of four counts of robbery, one count of attempted robbery, and one count of felony murder. He was sentenced to four consecutive twenty-year terms of imprisonment and one fifty-year term. Daniels also was sentenced to death for his felony murder conviction.

Over the last twenty-seven years, Daniels has filed a series of appeals and post-conviction petitions in the Indiana and federal courts. First, the Supreme Court of Indiana affirmed Daniels' conviction and sentence on direct appeal. *Daniels v. State (Daniels I)*, 453 N.E.2d 160 (Ind. 1983). Daniels then sought collateral review via a petition for post-conviction relief, which the Supreme Court of Indiana ultimately denied. *Daniels v. State (Daniels II)*, 528 N.E.2d 775 (Ind. 1988). In his first petition for post-conviction relief, Daniels claimed, among other things, that he received ineffective assistance of trial counsel. The United States Supreme Court granted Daniels' petition for a writ of certiorari, vacated the Supreme Court of Indiana's judgment in *Daniels II*, and remanded the case to the Supreme Court of Indiana for further considera-

tion in light of the Court's then recent decision in *South Carolina v. Gathers*, 490 U.S. 805 (1989). *Daniels v. Indiana*, 491 U.S. 902 (1989). On remand, the Supreme Court of Indiana held that neither *Gathers* nor *Booth v. Maryland*, 482 U.S. 496 (1987), were retroactive. *Daniels v. State*, 561 N.E.2d 487, 489-91 (Ind. 1990). On November 22, 1993, Daniels filed a second petition for post-conviction relief, which the Supreme Court of Indiana ultimately denied. *Daniels v. State (Daniels III)*, 741 N.E.2d 1177, 1191 (Ind. 2001). The Supreme Court of Indiana held that Daniels had waived all of his ineffective assistance of counsel claims, with the exception of the claim Daniels raised in his first petition for post-conviction relief; in his first petition for post-conviction relief, Daniels claimed that his trial counsel was ineffective because he failed to confront one of the government's eyewitnesses, Timothy Streett, with evidence that Streett had been hypnotized during one of his identification sessions with police. *Id*. at 1181-88. Nonetheless, the Supreme Court of Indiana reviewed on their merits each of Daniels' ineffective assistance claims prior to denying his second petition. *Id.*

Following the Supreme Court of Indiana's denial of his second petition for post-conviction relief, Daniels filed a petition for habeas relief pursuant to 28 U.S.C. § 2254 in federal court. *Daniels v. McBride*, No. IP 01-550-C-Y/K (S.D. Ind. Apr. 7, 2005). Daniels' § 2254 petition raised multiple claims, including ineffective assistance of trial counsel, the state withholding or destroying evidence, and ineffective assistance of appellate counsel. On January 7, 2005, while Daniels' § 2254 petition was pending before the district court, then-Indiana Governor Joseph E. Kernan commuted Daniels' sentence of death to life imprisonment without the possibility of parole. Three months later,

the district court denied Daniels' § 2254 petition. In deny-
ing Daniels' petition, the district court did not address
the Supreme Court of Indiana's finding that Daniels had
waived all but one of his ineffective assistance of counsel
claims, but instead denied each of Daniels' claims on the
merits. The district court subsequently granted Daniels'
motion for a certificate of appealability. Daniels appeals
only the district court's denial of his claims based on
alleged ineffective assistance of counsel during the guilt
phase of his trial.


                              II.

   On appeal, Daniels reiterates a laundry list of grounds
for his claims of ineffective assistance of counsel during
the guilt phase of his trial. His allegations break down
into two categories: (1) his counsel's failure to introduce
evidence that someone other than Daniels (specifically,
Paul Rowley) committed the robberies; and (2) his coun-
sel's failure to confront Streett regarding his identifica-
tion after being hypnotized. The Supreme Court of Indi-
ana held that Daniels waived all of his ineffective assis-
tance claims, except for his claim that his counsel failed to
confront Streett, because Daniels failed to raise those
claims in his first post-conviction appeal. The district
court did not address the waiver issue, but, as a threshold
matter, we must determine whether Daniels procedurally
defaulted any of the claims he raises in this appeal.

   "Out of respect for finality, comity, and the orderly
administration of justice, a federal court will not entertain
a procedurally defaulted constitutional claim in a petition
for habeas corpus absent a showing of cause and prejudice

to excuse the default[1]." *Dretke v. Haley*, 541 U.S. 386, 388 (2004). Quoting the United States Supreme Court, the Supreme Court of Indiana reiterated this point, stating:

> The States possess primary authority for defining and enforcing the criminal law. In criminal trials they also hold the initial responsibility of vindicating constitutional rights. Federal intrusions into state criminal trials frustrate both the States' sovereign power to punish offenders and their good-faith attempts to honor constitutional rights.

*Woods v. State*, 701 N.E.2d 1208, 1217 (Ind. 1998) (quoting *Engle v. Isaac*, 456 U.S. 107, 128 (1982) (citation omitted)). The Supreme Court of Indiana further explained:

> Hence as a matter of procedural fairness a finding of waiver by an Indiana court must be predicated on a meaningful opportunity to litigate the claim. Alterna-

---

[1] The Supreme Court recognized two exceptions to this rule: "when habeas applicant can demonstrate that the alleged constitutional error has resulted in the conviction of one who is actually innocent of the underlying offense or, in the capital sentencing context, of the aggravating circumstances rendering the inmate eligible for the death penalty." *Dretke*, 541 U.S. at 388. Daniels, however, does not argue for or meet either exception. First, he does not attempt to demonstrate that his counsel's alleged errors resulted resulted in the conviction of one who is actually innocent of the underlying offense. (Appellant's Opening Br. at 46 ("Appellant simply asks the Court to recognize the obvious proposition that Appellant received woefully inadequate counsel and give him the opportunity for the fair trial he never received.").) Second, his original capital sentence was commuted to life imprisonment without the possibility of parole.

tively, if an ineffectiveness claim found to be waived in our courts is nonetheless addressed on the merits in federal court, this State will have foregone the opportunity to correct the possible error before federal review of our judicial process. One goal of our postconviction rules is to minimize the level of federal constitutional error before federal review of the conviction: "[O]ne of the functions of our post conviction remedy rules is to preserve what sanctity remains to this [S]tate's disposition of a criminal charge by allowing a convicted criminal defendant ample opportunity to present claims for relief in the courts of this state before resort must be had to the federal courts." *Langley v. State*, 267 N.E.2d 538, 541 (Ind. 1971).

*Id.* at 1217-18.

In *Daniels III*, the Supreme Court of Indiana addressed how the waiver doctrine impacted Daniels' ineffective assistance of trial counsel claims. In addition to his unsuccessful direct appeals of his sentence, Daniels had filed two sets of post-conviction petitions. Regarding the ineffective assistance of trial counsel claims Daniels presented in a second post-conviction petition, the Supreme Court of Indiana held:

[A]ll of these matters were known or knowable both at trial and at the time of Daniels' first post-conviction proceeding. Therefore, the post-conviction court correctly held that Daniels' new claims of trial counsel ineffectiveness were *barred by res judicata and waiver*. As this Court observed in our last opinion in this case, "the Indiana Rules of Procedure for Post-Conviction Remedies require that all grounds for relief available to a petitioner under the post-conviction rules must be raised in the original petition." *State v. Daniels*, 680

N.E.2d 829, 835 n.10 (Ind. 1997) (citing Ind. Post-
Conviction R. 1(8)).

> [T]he issue of the effectiveness of Daniels' trial and
> appellate counsel was extensively litigated and
> appealed in his post-conviction proceeding nine
> years ago. *Daniels v. State [Daniels II]*, 528 N.E.2d
> 775 (Ind. 1988). The issues raised by Daniels in this
> appeal were on the face of the record from the time
> of his trial. Accordingly, consideration of addi-
> tional issues bearing on trial or appellate coun-
> sel's ineffectiveness that were available at that
> time is precluded. *Id.* [citations omitted]

> We must mean what we say in our rules, that a
> defendant is entitled to one post-conviction hearing
> and one post-conviction opportunity to raise the issue
> of ineffectiveness of trial counsel in the absence of
> newly discovered evidence . . . .

> Although the evidence related to Rowley might have
> helped Daniels' defense, none of these lines of inquiry
> except for Timothy Streett's identification were ad-
> dressed either at trial or as examples of ineffective trial
> assistance at the first post-conviction proceeding. . . .

> In sum, we reaffirm the sound and long-established
> principle that considerations of finality preclude re-
> litigation of previously available contentions in suc-
> cessive post-conviction proceedings.

*Daniels III*, 741 N.E.2d at 1184-85 (citing *Baum v. State*, 533
N.E.2d 1200, 1201 (Ind. 1989) and *Resnover v. State*, 547
N.E.2d 814, 816 (Ind. 1989) (emphasis added)).

Daniels argues, however, that the Supreme Court of
Indiana's decision in *Daniels III* does not require a finding

of procedural default, because we cannot reasonably discern whether that court based its holding upon the principle of res judicata or the principle of waiver. This distinction is important because an application of res judicata is not an adequate bar to federal review, but a finding of waiver is a procedural default prohibiting federal review. *See Moore v. Bryant*, 295 F.3d 771, 775-77 (7th Cir. 2002) (finding federal review not prohibited by state court's application of only res judicata to bar claim). As we have noted previously, "a state court's invocation of res judicata 'simply means that the state courts have already resolved the matter and want nothing more to do with it.' " *Id.* at 776 n.1 (quoting *Porter v. Gramley,* 112 F.3d 1308, 1316 (7th Cir. 1997)). A finding of waiver, on the other hand, "must be predicated on a meaningful opportunity to litigate the claim" and a finding that the litigant elected not to pursue the claim when presented with the opportunity to do so. *See Woods*, 701 N.E.2d at 1217-18.

Contrary to Daniels' argument, it is clear from *Daniels III* that the Supreme Court of Indiana was relying on the principle of waiver. In its opinion in *Daniels III*, the Supreme Court of Indiana stated that its holding was based on waiver and articulated the rationale for its finding when it stated that "[a]lthough evidence related to Rowley might have helped Daniels' defense, none of these lines of inquiry except for Timothy Streett's identification were addressed either at trial or as examples of ineffective trial assistance at the first post-conviction proceeding." *Daniels III*, 741 N.E.2d at 1185. The basis for its waiver holding is most clearly expressed in its conclusion that "we reaffirm the sound and long-established principle that considerations of finality preclude re-litiga-

tion of previously available contentions in successive post-conviction proceedings." *Id.* The *Daniels III* court also clarified its understanding of the distinction between res judicata and waiver when it stated:

> [W]e adhere to the view that claims of ineffective assistance of counsel, if litigated at the initial post-conviction proceeding, are barred by the doctrine of *res judicata* in successive petitions of post-conviction relief, and any acts or omissions of the trial counsel that were available in the first post-conviction proceeding but not raised are *waived* in a successive petition. This doctrine controls the disposition of this case.

*Daniels III*, 741 N.E.2d at 1187 (emphasis added). We thus find that the Supreme Court of Indiana relied upon the doctrine of waiver to bar by procedural default all of Daniels' ineffective assistance of counsel claims, except his claim related to Streett's identification.

Daniels also contends that even were the Supreme Court of Indiana's holding in *Daniels III* based on waiver, he should not be procedurally defaulted from raising his claims because the Indiana rules regarding waiver were not "firmly established and regularly followed" at the time he filed his first petition for post-conviction relief in 1984. *See Ford v. Georgia*, 498 U.S. 411, 423-24 (1991) ("[O]nly a 'firmly established and regularly followed state practice' may be interposed by a State to prevent subsequent review by this Court of a federal constitutional claim." (quoting *James v. Kentucky*, 466 U.S. 341, 348-51 (1984))). Specifically, Daniels argues that the Supreme Court of Indiana did not settle uncertainties regarding its waiver doctrine until its decision in *Woods v. State*, 701 N.E.2d 1208 (Ind. 1998). Daniels, however, reads *Woods* too broadly. The unsettled issue in *Woods* was whether a

defendant must raise ineffective assistance of counsel claims on direct appeal, or whether a defendant can raise them for the first time in a petition for post-conviction relief. *Woods*, 701 N.E.2d at 1213-15. The *Woods* court concluded that "ineffective assistance may be raised on direct appeal, but if it is not, it is available in post-conviction proceedings." *Id.* at 1216. The *Woods* holding had nothing to do with the issue here, which is whether Daniels waived his ineffective assistance of counsel claims raised for the first time in a second petition for post-conviction relief after electing not to raise those claims in his first petition for post-conviction relief. The answer to that question is found in Rule 1(8) of the Indiana Rule of Procedure for Post-Conviction Remedies, entitled "Waiver or failure to assert claims," and the case law interpreting it, which predate Daniels' first petition for post-conviction relief. Ind. Post-Conviction R. 1(8) ("All grounds for relief available to a petitioner under this rule must be raised in his original petition."); *see, e.g., Jewell v. State*, 397 N.E.2d 946, 947 (Ind. 1979) (finding waiver for failure to assert claims available in first petition for post-conviction relief); *Lamb v. State*, 325 N.E.2d 180, 184 (Ind. 1975) ("[I]nasmuch as the petition was an attempt to raise an issue available to the defendant under his first petition but not therein raised, and there was no error in summarily dismissing the petition."). Further, even though the two cases cited by the Daniels *III* court to support its waiver holding, *Baum v. State*, 533 N.E.2d 1200 (Ind. 1989), and *Resnover v. State*, 547 N.E.2d 814 (Ind. 1989), were not decided prior to the date on which Daniels filed his first petition for post-conviction relief, those cases represent only two of the more recent decisions in the Supreme Court of Indiana's long-established line of authority interpreting Rule 1(8). *See Resnover*, 547 N.E.2d

at 816 (discussing the Supreme Court of Indiana's history of post-conviction petition waiver decisions). We thus find that the waiver rule applied by the *Daniels III* court was "firmly established and regularly followed" at the time Daniels filed his first petition for post-conviction relief. Accordingly, we hold that all of Daniels' ineffective assistance of counsel claims, except his claim related to Streett's identification which was raised in his first petition for post-conviction relief, are barred by procedural default based on the Supreme Court of Indiana's finding of waiver in *Daniels III*.

In his sole non-procedurally defaulted claim, Daniels argues that the district court erred in denying his § 2254 habeas petition because his trial counsel's failure to raise the issue of Timothy Streett's identification after he was hypnotized was so woefully inadequate and prejudicial that it requires a new trial. Timothy Streett was the then-fifteen-year-old son of Daniels' murder victim, Allen Streett. Timothy Streett witnessed Daniels shoot his father in the family's driveway after his father informed Daniels that he could not give him his wallet because he was not carrying it. The Supreme Court of Indiana previously rejected Daniels' claims regarding Streett's identification when Daniels raised them in his first petition for post-conviction relief. *Daniels II*, 528 N.E.2d at 779-80; *see also Daniels III*, 741 N.E.2d at 1182 n.5 (discussing holding of *Daniels II*). In his first petition for post-conviction relief, and in his § 2254 petition, Daniels alleged that his trial counsel provided ineffective assistance in violation of the Sixth Amendment by failing to challenge Streett's identification testimony based on the fact that Streett underwent hypnosis during an identification session with police. Daniels further alleges that this error was

compounded by his trial counsel's failure to inform the jury that Streett had been hypnotized, had only identified Daniels after hypnosis, and had made a "possible" identification of another man while hypnotized. We review the district court's denial of habeas relief de novo. *Goodman v. Bertrand*, 467 F.3d 1022, 1026 (7th Cir. 2006).

Our review of this claim is governed by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). 28 U.S.C. § 2254(d); *see also Lambert v. McBride*, 365 F.3d 557, 561 (7th Cir. 2004). Under the AEDPA, if a state court adjudicated a constitutional claim on the merits, then a federal court may grant habeas relief only if the state court decision was contrary to, or involved an unreasonable application of, Supreme Court precedent or if the state court decision was based on an unreasonable determination of the facts in light of the evidence presented in the state proceeding. 28 U.S.C. § 2254(d); *see also Williams v. Taylor*, 529 U.S. 362, 376-77 (2000) (discussing the AEDPA). Daniels bears the burden of proving that the Supreme Court of Indiana's application of federal law was unreasonable. *Harding v. Sternes*, 380 F.3d 1034, 1043 (7th Cir. 2004). As this court has stated previously, the "unreasonable application" prong of § 2254(d) "is a difficult standard to meet." *Jackson v. Frank*, 348 F.3d 658, 662 (7th Cir. 2003).

The Supreme Court set forth the framework for assessing Sixth Amendment ineffective assistance of counsel claims in *Strickland v. Washington*, 466 U.S. 668 (1984); *see also Goodman v. Bertrand*, 467 F.3d 1022, 1027 (7th Cir. 2006) (applying *Strickland*). The *Strickland* framework was clearly established by the time the Indiana trial court denied Daniels' first post-conviction appeal on February 21, 1985. *See Williams*, 529 U.S. at 391 ("It is past question

that the rule set forth in *Strickland* qualifies as 'clearly established Federal law, as determined by the Supreme Court of the United States.' " (citation omitted in original)); *see also United States v. Payne*, 741 F.2d 887, 890-95 (7th Cir. 1984) (applying the *Strickland* framework to case briefed and argued before this court prior to the Supreme Court issuing its *Strickland* decision). The Supreme Court framed the determinative question as "whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." *Strickland*, 466 U.S. at 686. Under *Strickland*, Daniels must prove two elements: (1) that his trial counsel's performance fell below "an objective standard of reasonableness," *id.* at 688; and (2) "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different," *id.* at 694. For the first element, this court's review of the attorney's performance is "highly deferential" and "reflects a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy." *Id.* at 689. For the second element, the defendant must show that "counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." *Id.* at 687. Daniels' failure to establish either element of the *Strickland* framework will result in denial of his claim. *Rastafari v. Anderson*, 278 F.3d 673, 688 (7th Cir. 2001). Finally, "a state-court holding is not contrary to clearly established federal law" even if it fails to cite Supreme Court precedent, "as long as 'neither the reasoning nor the result of the state-court decision

contradicts them.' " *Harrison v. McBride*, 428 F.3d 652, 666 (7th Cir. 2005) (quoting *Early v. Packer*, 537 U.S. 3, 8 (2002)).

As an initial matter, we note that Daniels failed to show any evidence that the various recitations of evidence and factual findings by the Indiana state courts were incorrect, so we presume those courts' findings of fact to be correct. *See Foster v. Schomig*, 223 F.3d 626, 631 (7th Cir. 2000) (applying 28 U.S.C. § 2254(e)(1)) ("Findings of fact made by the state courts are presumed to be correct and this presumption may be rebutted only by clear and convincing evidence."). Next, we look to the Supreme Court of Indiana's analyses in *Daniels II* and *Daniels III* to determine whether they were contrary to *Strickland*. In addressing Daniels' claim regarding Streett's identification after being hypnotized, the *Daniels II* court specifically cited *Strickland* as the basis for its analysis and quoted its framework. *Daniels II*, 528 N.E.2d at 779. Applying *Strickland*, the *Daniels II* court found that Streett had an independent basis for his identification of Daniels, which was untainted by the hypnosis session. *Id.* That independent basis rendered harmless Daniels' trial counsel's failure to raise Streett's identification after being hypnotized. *Id.* The *Daniels II* court also noted that Daniels' trial counsel testified that they believed that the key to the case was the testimony of Kevin Edmonds, one of the participants in the crime who identified Daniels as the triggerman. *Id.* Daniels' trial counsel also testified that, compared to Edmonds' testimony, they did not believe Streett's testimony was of great importance. *Id.* They further testified that when Streett was being questioned on the witness stand, he was on the verge of breaking down and any further attempts to discredit his identification would appear to be an attack on the son of the murder victim.

Based on that testimony, the *Daniels II* court rejected Daniels' claim, concluding:

> Clearly a decision was made to concentrate on discrediting Edmonds rather than Timothy Streett in order to avoid alienating the jury with extensive cross-examination of the victim's fifteen-year old son. The propriety of this decision will not be questioned based on hindsight, even if the strategy were poor, it does not rise to the level of ineffective assistance.

*Id.* The *Daniels III* court reiterated its earlier holding by stating that "[w]e denied relief because Streett had an independent basis for his in-court identification that was untainted by the hypnosis" and because "Streett was only one of several eyewitnesses who testified to the various crimes charged." *Daniels III*, 741 N.E.2d at 1182 n.5.

The district court, in considering Daniels' § 2254 petition, began by addressing the *Strickland* framework's first element: whether Daniels received ineffective assistance of trial counsel "in the context of the case as a whole, viewed at the time of the conduct, and [with] a strong presumption that the defendant received effective assistance." *Hardamon v. United States*, 319 F.3d 943, 948 (7th Cir. 2003). We begin our analysis there as well. "There are countless ways to provide effective assistance in any given case." *Strickland*, 466 U.S. at 689. It is "all too easy for a court, examining counsel's defense after it has proved unsuccessful, to conclude that a particular act or omission of counsel was unreasonable." *Id.* Thus, "only a clear error in applying *Strickland*'s standard would support a writ of habeas corpus." *Holman v. Gilmore*, 126 F.3d 876, 882 (7th Cir. 1997). Here, Daniels' trial counsel made a tactical decision to subject one of Daniels' cohorts to more intensive cross-examination, while going easier on the

traumatized son of the murder victim. Because Streett had an independent, non-tainted basis for his in-court identification, we find the conduct of Daniels' trial counsel conduct fell within the wide range of reasonable professional assistance. Accordingly, Daniels cannot satisfy *Strickland*'s first element. We further agree with the district court that Daniels was not prejudiced by the representation he received at trial and he cannot satisfy *Strickland*'s second element because any error regarding raising Streett's identification after being hypnotized was harmless. We therefore hold that the Supreme Court of Indiana did not unreasonably apply the *Strickland* framework to bar Daniels' petition for post-conviction relief claim related to Streett's identification, and we affirm the district court's denial of Daniels' § 2254 petition.

## III.

The Supreme Court of Indiana held in *Daniels III* that Daniels waived all of his ineffective assistance of counsel claims, except his claim regarding Streett's identification after being hypnotized, because Daniels failed to raise those claims in his first petition for post-conviction relief. Daniels thus was barred by procedural default from raising those waived claims in his § 2254 petition, and the district court should not have considered the merits of those claims. We affirm the district court's denial of Daniels' sole remaining ineffective assistance of counsel claim; the district court correctly held that the Supreme Court of Indiana properly applied the *Strickland* framework to deny Daniels' claim regarding Streett's identification after being hypnotized. The district court's denial of Daniels' § 2254 petition is AFFIRMED.

No. 05-2620                                                          17

A true Copy:

Teste:

                                 _____

                                *Clerk of the United States Court of*
                                  *Appeals for the Seventh Circuit*