**NONPRECEDENTIAL DISPOSITION**
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted May 23, 2007[*]
Decided May 24, 2007

**Before**

Hon. FRANK H. EASTERBROOK, *Chief Judge*

Hon. JOEL M. FLAUM, *Circuit Judge*

Hon. DIANE S. SYKES, *Circuit Judge*

No. 07-1083

| | |
|---|---|
| J.B. BOSTON, *Petitioner-Appellant,* | Appeal from the United States District Court for the Northern District of Illinois, Eastern Division. |
| *v.* | No. 05 C 1779 |
| TERRY L. McCANN, Warden, *Respondent-Appellee.* | Robert W. Gettleman, *Judge.* |

**O R D E R**

J.B. Boston filed a petition for collateral relief, *see* 28 U.S.C. § 2254, claiming that at his jury trial his right to equal protection as articulated by the Supreme Court in *Batson v. Kentucky*, 476 U.S. 79 (1986), was violated when the prosecutor peremptorily struck six black prospective jurors. The district court denied Boston's petition. Because the state appellate court permissibly concluded that there was no racial motivation for the strikes, we affirm.

---

[*] After an examination of the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and record. *See* Fed. R. App. P. 34(a)(2).

Boston, who is black, was charged in 1985 with committing rape, armed robbery, and home invasion; shortly thereafter he exercised his right to be tried by a jury. At the conclusion of jury selection, defense counsel unsuccessfully moved to dismiss the venire on the basis that the prosecutor impermissibly struck six black prospective jurors for racial reasons.[1] The case proceeded to trial, the jury found Boston guilty, and the trial court sentenced him to life imprisonment. Boston appealed, arguing that the prosecutor's peremptory strikes were racially motivated, and thus violated his right to equal protection as determined by the Supreme Court in the then-recently announced *Batson* decision. *See also Griffith v. Kentucky*, 479 U.S. 314, 316 (1987) (holding that *Batson* applied to cases pending on direct review when it was decided). Boston accordingly asked the Appellate Court of Illinois to remand his case for a hearing to determine whether the prosecutor's strikes were motivated by race; the state appellate court granted his request.

On remand the trial court stated that Boston first would have to establish facts showing a *prima facie* case of discrimination; if he succeeded, the court would then require the prosecutor to proffer race-neutral explanations for the peremptory strikes. *See Batson*, 427 U.S. at 96-98. Before Boston's appointed attorney could proceed, however, Boston dismissed him and, proceeding *pro se*, questioned the prosecutor on his peremptory strikes. Before the trial court ruled on whether Boston established a *prima facie* case, the state (represented by a state lawyer different from the prosecutor at Boston's trial) proposed several race-neutral justifications for the strikes based on circumstantial evidence apparent from the transcript of the *voir dire*: the excluded jurors were not long-time community residents, had insufficient personal experience with crime, or were affiliated with charities or religious groups. The trial court then heard from the trial prosecutor himself. Although the prosecutor admitted that he could not remember why he sought to strike specific prospective jurors (the trial having occurred four years earlier), he identified some general guidelines that he adhered to throughout his career when conducting *voir dire*; these guidelines echoed the race-neutral justifications for the strikes that the state had culled from the *voir dire* transcript.

---

[1] In all, the prosecutor peremptorily struck six black prospective jurors and one black prospective alternate juror. However, the Supreme Court has not yet extended *Batson* to alternate jurors; neither have we. *See United States v. Canoy*, 38 F.3d 893, 899 n.6 (7th Cir. 1994); *see also Carter v. Kemna*, 255 F.3d 589, 592-93 (8th Cir. 2001). And because this case comes to us on collateral review, we decline to address whether *Batson* applies to alternate jurors. *See* 28 U.S.C. § 2254(d)(1); *Holman v. Gilmore*, 126 F.3d 876, 884-85 (7th Cir. 1997) (stating when "[n]o such principle has been adopted to date by the Supreme Court . . . § 2254(d)(1) precludes its recognition for the first time on collateral review"); *see also Carter*, 255 F.3d at 592. Therefore, we will not address Boston's *Batson* claim as to the prospective alternate juror. *See* 28 U.S.C. § 2254(d)(1); *Holman*, 126 F.3d at 884-85.

Following the prosecutor's testimony, the trial court concluded that Boston failed to show that the peremptory strikes were motivated by race. The court first found that Boston failed to establish a *prima facie* case of discrimination, noting that the empaneled jury was one-quarter black, which, according to the court, corresponded with "the population of the black community in this county." The court further stated that from its review of the *voir dire* transcript, its notes from the *voir dire* and trial, the juror cards, and the prosecutor's testimony, and from its experience of working with the prosecutor during "many cases," it was apparent that the prosecutor was seeking to empanel jurors who: (1) had "long ties to the community"; (2) were "not 'bleeding hearts'"; and (3) "had some understanding of being the victim of a crime." The court also stated that the state's and prosecutor's reasons for the strikes were "legitimate trial strategies," thus supporting the ultimate conclusion that the strikes were not racially motivated.

Boston appealed, arguing that the trial court erred procedurally by considering the state's race-neutral justifications for the peremptory strikes before deciding whether he had met his burden of establishing a *prima facie* case, and erred factually by concluding that no discrimination occurred. *See People v. Boston*, 586 N.E.2d 326, 328-29 (Ill. App. Ct. 1991). A divided panel of the Appellate Court of Illinois rejected Boston's arguments. *Id.* at 329-30. Specifically, the state appellate court determined that, under *Hernandez v. New York*, 500 U.S. 342 (1991), once the state offered race-neutral reasons for the peremptory strikes, and the trial court ruled on the ultimate question of intentional discrimination, whether Boston made a *prima facie* showing became moot. *See Boston*, 586 N.E.2d at 329. And, the court continued, the trial court acted within its discretion to accept the state's and prosecutor's "rather detailed explanations" for the strikes when concluding that the strikes were not racially motivated. *Id.* at 328-30. One judge dissented, however, largely on the opinion that the court's accepted "reasons for the exclusions were merely a pretext for . . . racial discrimination." *Id.* at 331 (Johnson, J., dissenting). Boston's further state court challenges to his convictions were summarily rejected.

In March 2005 Boston brought this § 2254 action. In his petition Boston again argued that the trial court incorrectly considered the state's reasons for the peremptory strikes before ruling on whether he established a *prima facie* case. Boston also asserted that the trial court erroneously concluded that the strikes were not racially motivated. The district court denied the petition, finding that, though "there are serious concerns about the prosecutor's reasons for excluding the venire persons in question," the state appellate court's decision was not "objectively unreasonable as that standard has been applied under [the Anti-Terrorism and Effective Death Penalty Act of 1996]." However, the district court granted Boston a certificate of appealability so he could further pursue his *Batson* claim.

On appeal Boston reasserts his argument that the trial court should have ruled on his *prima facie* case before seeking and evaluating the state's race-neutral proffer; he does not claim, however, that he was prevented from presenting his *prima facie* case.  He also contends that the court was wrong to conclude that the prosecutor's peremptory strikes were not racially motivated.  Our review is *de novo*. *See Richardson v. Briley*, 401 F.3d 794, 799 (7th Cir. 2005).

Under *Batson* and its progeny, a defendant's challenge to peremptory strikes requires a three-step inquiry.  First, the trial court must determine whether the defendant has made a *prima facie* showing that the prosecutor exercised peremptory strikes on the basis of race.  *See Rice v. Collins*, 546 U.S. 333, 338 (2006); *Aki-Khuam v. Davis*, 339 F.3d 521, 526 (7th Cir. 2003).  If the showing is made, the burden shifts to the prosecutor to present a race-neutral explanation for the strikes.  *See Rice*, 546 U.S. at 338; *Aki-Khuam*, 339 F.3d at 526.  The trial court must then determine whether the defendant has carried his burden of proving purposeful discrimination.  *See Rice*, 546 U.S. at 338.  The relevant question during this final step is whether the peremptory strikes were racially motivated, *see Hernandez*, 500 U.S. at 365, and "[i]t follows that *Batson* and its progeny direct trial judges to assess the honesty—not the accuracy—of a proffered race-neutral explanation," *Lamon v. Boatwright*, 467 F.3d 1097, 1101 (7th Cir. 2006) (citing *Purkett v. Elem*, 514 U.S. 765, 769 (1995) (per curiam), and *United States v. George*, 363 F.3d 666, 674 (7th Cir. 2004)).

Because this case comes to us as a collateral challenge under 28 U.S.C. § 2254, Boston bears a very heavy burden.  *See Lamon*, 467 F.3d at 1100.  He must show that the last state court decision addressing the merits of his *Batson* claim—that is, the Appellate Court of Illinois's decision on direct appeal—"resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States," 28 U.S.C. § 2254(d)(1); *see also Lamon*, 467 F.3d at 1100-01, or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding," 28 U.S.C. § 2254(d)(2); *see also Rice*, 546 U.S. at 338.  As pertinent here, Boston can prevail only if he shows that the state appellate court unreasonably applied Supreme Court precedent when rejecting his *Batson* claim, or unreasonably affirmed the trial court's factual finding that no discrimination occurred.  *See Rice*, 546 U.S. at 338.  We presume that the state appellate court's factual determinations are correct, and Boston can rebut that presumption only by producing "clear and convincing evidence" to the contrary.  28 U.S.C. § 2254(e)(1); *Rice*, 546 U.S. at 338-39; *Lamon*, 467 F.3d at 1002.

Boston is unable to shoulder this burden.  First, he cannot show that the Appellate Court of Illinois unreasonably applied Supreme Court precedent when

concluding that the trial court did not err procedurally by considering race-neutral justifications for the peremptory strikes before ruling on his *prima facie* case. The Supreme Court has held that "[o]nce a prosecutor has offered a race-neutral explanation for the peremptory challenges and the trial court has ruled on the ultimate question of intentional discrimination, the preliminary issue of whether the defendant had made a *prima facie* showing becomes moot." *See Hernandez*, 500 U.S. at 359. The state appellate court identified this rule, *see Boston*, 586 N.E.2d at 329, and applied it reasonably to determine that the trial court did not procedurally err by hearing from the prosecutor and evaluating the honesty of his proffer before deciding whether Boston made a *prima facie* case. We require no more. *See Lamon*, 467 F.3d at 1100; *Hammer v. Karlen*, 342 F.3d 807, 812 (7th Cir. 2003).

Likewise, Boston cannot show that it was unreasonable for the Appellate Court of Illinois to affirm the trial court's conclusion that the peremptory strikes were not motivated by race. The trial court was permitted to conclude that the strikes were race neutral based on (1) the circumstantial evidence culled from the *voir dire* transcript supporting the state's race-neutral justifications for the strikes; and (2) the prosecutor's description of his general practices in jury selection. *See Morse v. Hanks*, 172 F.3d 983, 984-85 & 985 n.1 (7th Cir. 1999); *Mahaffey v. Page*, 162 F.3d 481, 484 n.1 (7th Cir. 1998); *cf. Hardcastle v. Horn*, 368 F.3d 246, 256-57 & 257 n.4 (3d Cir. 2004) ("'[W]e are unprepared to hold . . . that the state's burden can never be carried without direct evidence from the decisionmaking prosecutor regarding his or her state of mind.'" (citations omitted)). This conclusion is "'a pure issue of fact' accorded significant deference," *Hernandez*, 500 U.S. at 364, and presumed correct unless Boston shows by clear and convincing evidence that it is not, *see* 28 U.S.C. § 2254(e)(1); *Rice*, 546 U.S. at 338-39; *Lamon*, 467 F.3d at 1002; *see also Batson*, 476 U.S. at 98 n.21. Boston points to no such evidence, either in his § 2254 petition or his submissions to this court. Rather, he merely asserts—without elaboration—that the prosecution challenged the six prospective jurors because of their race; such a conclusory declaration alone is insufficient to establish on collateral attack a constitutional violation. *See Rice*, 546 U.S. at 338-39; *Purkett*, 514 U.S. at 768 (per curiam); *see also Daniels v. Knight*, 476 F.3d 426, 434 (7th Cir. 2007); *Conner v. McBride*, 375 F.3d 643, 652 (7th Cir. 2004).

Like the district court, we are mindful that the dissent from the Appellate Court of Illinois's decision expressed concern that the government's justifications for the peremptory strikes were pretext for racial discrimination. However, because Boston proffers no evidence showing that the prosecutor was dishonest when justifying the strikes, *see Lamon*, 467 F.3d at 1101 (citing *Purkett*, 514 U.S. at 769 (per curiam)), on collateral review we are bound by the state appellate court's finding of no racial discrimination, *see Rice*, 546 U.S. at 341-42 ("Reasonable minds reviewing the record might disagree about the prosecutor's credibility, but on

habeas review that does not suffice to supersede the trial court's credibility determination."); *Hernandez*, 500 U.S. at 369; *Morse*, 172 F.3d at 985.

We accordingly AFFIRM the district court's denial of Boston's petition for collateral relief.